UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

ERICK FITZGERALD THOMAS        CIVIL ACTION NO. 09-1217
     LA. DOC #424706
VS.                        SECTION P

                              JUDGE MELANÇON

MICHAEL NEUSTROM, ET AL.       MAGISTRATE JUDGE METHVIN

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Erick Fitzgerald Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 28 U.S.C. §1983 on July 16, 2009.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the J.B. Evans Correctional Center, Newellton, Louisiana, however he complains that while he was incarcerated at the Lafayette Parish Corrections Center (LPCC), Lafayette, Louisiana, in July 2008, he was denied permission to attend the funeral of his mother.  Plaintiff sued Lafayette Parish Sheriff Michael Neustrom and LCOC Secretary James LeBlanc seeking compensatory damages for "depression stages, pain and suffering, mental anguish..." based on his claim that he was not allowed to attend his mother's funeral. He also requests the setting aside of his conviction and sentence and his immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

2

### *Background*

Prior to June 18, 2008 plaintiff was free on parole. On that date he  was arrested on a parole violation warrant by Detective Waley, an officer of the Eunice, Louisiana Police Department. Plaintiff was detained in the Eunice City Jail pending a hearing to determine whether his parole would be revoked.

On July 6, 2008 plaintiff's mother died. He asked his jailers for permission to attend the funeral. Judge Lynette Feucht of the Eunice City Court granted plaintiff a recognizance bond on July 10, 2008.  However, plaintiff was transported to the LPCC that evening by Det. Waley and Sgt. Kennedy of the Eunice Police Department.

According to plaintiff, LPCC officials could find no charges to justify plaintiff's detention; however, after several hours they located "... a very old warrant against [him] for a misdemeanor ..." causing LPCC authorities to "take the word" of Det. Waley and Sgt. Kennedy that the LDOC had lodged a parole violation detainer against plaintiff. He was then booked into LPCC.

Plaintiff was advised that he could request bond on the misdemeanor charge and the parole violation detainer, but LPCC would not transport him out of parish to his mother's funeral.

On the following day, July 11, 2008, a parole officer trainee visited with plaintiff. According to plaintiff he refused to identify himself but advised plaintiff that Renee Deloach, plaintiff's parole officer, had advised plaintiff to "violate himself" so that he could start serving his parole revocation sentence.  The probation officer implied that LDOC would arrange to transport him to his mother's funeral.

3

Plaintiff nevertheless asked several corrections officials to intervene so as to allow him to attend his mother's funeral. Each expressed sympathy but each advised plaintiff that LPCC could not transport him to the funeral. Plaintiff's continued requests to LPCC personnel invoked sympathy but no action with regard to his request to be transported to the funeral.

Plaintiff's mother was buried on July 14, 2008 and he was not allowed to attend. Later he confronted unnamed probation officers who apologized saying that the circumstances were caused by a misunderstanding.

Plaintiff signed his complaint on July 12, 2009. He prays for compensatory damages "... based on the loss of an immediate family member which contributed to depression stages, pain and suffering, mental anguish etc. to that effect." In lieu of damages he prays for his immediate release from custody and the setting aside of his conviction and sentence.

### Law and Analysis

### 1. Screening

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1]  malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a

---

[1]  A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

4

significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, while short on details, specifically details his theories of liability with respect to each named defendant. The thoroughness of the complaint convinces the court that plaintiff has pled his best case and  need not be afforded the opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

5

### 2. Constitutional Right to Attend a Funeral

Congress enacted 42 U.S.C. § 1983 as "a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).   Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall  be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Title 42 U.S.C. § 1983.

Thus, to state a cause of action under 42 U.S.C. § 1983, the plaintiff must plead, various elements including, the deprivation of a clear right, privilege or immunity secured to the plaintiff by the Constitution of the United States of America. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) ("inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a 'right secured by the Constitution and the laws'"). In addition, a plaintiff needs to establish that the act or omission by the defendant was intentional or at least deliberately indifferent to the Constitutional or Federal law rights of the plaintiff. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir.1992) (deprivation can result from tortious conduct exceeding mere negligence but not quite rising to the level of intentional, e.g., deliberate (or conscious) indifference, recklessness or gross negligence), *reh'g granted* and opinion vacated by *Doe v. Taylor Independent School District*, 987 F.2d 231 (5th Cir.1993), on rehearing, *Doe v. Taylor Independent School District*, 15 F.3d

6

443, 450 (5th Cir.1994).  Finally, the plaintiff must show that he suffered actual injury. *Memphis Community School District v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986) (where there is no injury present, no compensatory damages can be awarded).

Plaintiff's claim fails because, among other things,  he cannot establish the existence of a constitutional right. See *Verrone v. Jacobson*, No. 95 CIV. 10495(LAP), 1999 WL 163197, at *5 (S.D.N.Y.1999) (noting that "a prisoner does not have a protected right to attend the funeral of a relative"); *Butler v. Snyder*, 106 F.Supp.2d 589 (D.Del.,2000);  *Green v. Coughlin*, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995) ("Generally, prison inmates do not have a constitutionally protected right under § 1983 to attend a funeral [and] at least two courts in this district have held that inmates have no protected right to attend the funerals of family members") (internal citations omitted); *Colon v. Sullivan*, 681 F.Supp. 222, 223 (S.D.N.Y.1988) (holding that denying a prisoner the opportunity to attend a relative's funeral does not violate a constitutionally protected liberty interest); *Mercer v. Green Haven Correctional Facility*, 1998 WL 85734 (S.D.N.Y.,1998).

Plaintiff has not plead the deprivation of a cognizable federal constitutional right, privilege or immunity. Accordingly, his complaint must be dismissed as frivolous.

### 3. Title 42 U.S.C. §1997e

Even if plaintiff could establish the violation of a Constitutional right, his claim for relief would still be subject to dismissal. Plaintiff prays for compensatory damages for depression, mental anguish, and pain and suffering. Title 42 U.S.C. § 1997e was amended by the Prison

7

Litigation and Reform Act of 1996. Under the current version of the statute,  prisoners[2] are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis*  but need not be significant.  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997).

Plaintiff has not alleged that he suffered from any physical injury, and, indeed, one cannot imagine any physical injury resulting from the denial of the right to attend a funeral. Therefore plaintiff's claim for monetary damages is legally without merit (see *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001)) and should be dismissed as frivolous.

### 4. Habeas Corpus Claims

Plaintiff also implies that he is entitled to his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  A *habeas corpus* action filed pursuant to 28 U.S.C. §2254 is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.  See *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).  Therefore, plaintiff's claim, since it has been raised as a civil rights claim,  lacks an arguable basis in law or fact.

In order to obtain the setting aside of his conviction and sentence and thus an immediate release from custody, plaintiff would have to file a petition for writ of *habeas corpus*. Since he is a prisoner in the custody of the State of Louisiana, his claim must be asserted pursuant to 28

---

[2] Section 1997e(h) defines "prisoner" to include "... any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  During the time when this claim arose, plaintiff was a prisoner as the term is defined by the statute.

8

U.S.C. §2254.  Plaintiff is cautioned, however, that he would be entitled to *habeas corpus* relief only upon proof that his present custody is in violation of the Constitution and laws of the United States. Further, before proceeding in federal court on such claims, plaintiff would be required to exhaust available state court remedies – in other words, he would have  to fairly present the substance of his federal constitutional claims to the Louisiana courts – including the Louisiana Supreme Court –  in a procedurally correct manner.

### 5. Conclusion and Recommendation

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE**  as frivolous pursuant to the provisions of  28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

9

conclusions accepted by the District Court, except upon grounds of plain error. See

*Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on November 24, 2009.


Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)